**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Andres LOPEZ–CHAMU, a/k/a Jose Andres Chamu and Miguel Angel Lopez, Defendant–Appellant.**

No. 05–50950.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, Jeannie

M. Joseph, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Gail Ivens, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Jose Andres Lopez–Chamu appeals his 27–month sentence imposed following his guilty plea to being found in the United States after illegal re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lopez–Chamu contends that the district court violated his constitutional rights by imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based on a prior conviction that was neither proved to a jury nor admitted during the plea colloquy. This contention is foreclosed by *United States v. Weiland,* 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, —— L.Ed.2d —— (2006).

Lopez–Chamu next contends that the district court violated his Confrontation Clause rights by admitting three warrants of removal/deportation and a certificate of nonexistence of record ("CNR") because they are testimonial documents and violate

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This contention is foreclosed by *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1074–75 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1652, 164 L.Ed.2d 398 (2006) (warrant of deportation) and *United States v. Cervantes–Flores,* 421 F.3d 825, 830–34 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, —— L.Ed.2d —— (2006) (CNR).

Lopez–Chamu lastly contends that the district court's condition of supervised release requiring him to report to the probation officer within 72 hours of re-entry into the United States violates his Fifth Amendment rights. This contention is foreclosed by *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir. 2006).

**AFFIRMED.**